UNITED STATES of America, Appellee,

v.

**Paul DESMARAIS,**
**Defendant, Appellant.**

No. 90–2178.

United States Court of Appeals,
First Circuit.

Heard April 4, 1991.
Decided July 17, 1991.

Stephen L. Maynard, with whom Kinghorn & Maynard, P.A., was on brief, for defendant, appellant.

Michael J. Connolly, Asst. U.S. Atty., with whom Jeffrey R. Howard, U.S. Atty., was on brief, for appellee.

Before CAMPBELL, SELYA and CYR, Circuit Judges.

CYR, Circuit Judge.

In June 1989, United States Postal Inspector Wilfred Moores discovered that an

express mail package had been delivered to defendant Paul Desmarais, at his Nashua, New Hampshire residence. Investigation revealed that the package bore a non-existent return address. Suspecting a controlled substance shipment, Moores instructed postal authorities to notify him if any other express packages were mailed to Desmarais. On October 24, 1989, an express package addressed to Desmarais, at his residence, arrived at the Manchester, New Hampshire Post Office, bearing a non-existent return address. Moores obtained a search warrant, opened the package, and discovered marijuana. Moores resealed the package and arranged for its delivery to the Desmarais residence. Twenty minutes after the delivery of the express package, law enforcement officials entered the Desmarais residence pursuant to a search warrant. In a basement room with blackened windows, the officers discovered approximately seven pounds of marijuana and nineteen grams of hashish, along with packaging material and a triple beam scale. Some of the marijuana was being stored in seventy to eighty individually-measured packages. The hashish was in seventeen packets. Magazines, listing current market prices for marijuana, were found in the basement as well.

Desmarais was indicted for possessing marijuana, with intent to distribute, in violation of 21 U.S.C. § 841(a), and for use of a communication facility in furtherance of an unlawful possession of marijuana, with intent to distribute, in violation of 21 U.S.C. § 843(b). The indictment additionally demanded criminal forfeiture of the Desmarais residence, pursuant to 21 U.S.C. § 853(a)(2), based on the government's claim that the residence had been used to facilitate commission of the criminal offenses charged in the indictment.

Over defense objection, the substantive criminal charges were tried separately from the criminal forfeiture claim. The jury found Desmarais guilty on both substantive counts. The next day, the jury returned a guilty verdict on the criminal forfeiture count. Desmarais was sentenced to two concurrent three-year probationary terms, and the district court ordered forfeiture of the residence.

On appeal, Desmarais challenges the district court bifurcation order. He also claims that the court, at the trial of the substantive criminal counts, erroneously admitted evidence and denied directed verdicts of acquittal.[1] Desmarais further contends that the court, at the criminal forfeiture trial, erroneously refused a requested jury instruction that the government must prove a "substantial connection" between the alleged criminal conduct and the defendant property. Finally, he states that criminal forfeiture, in the circumstances of this case, constitutes cruel and unusual punishment in violation of the eighth amendment. We affirm.

## DISCUSSION

*Bifurcation*

■ Desmarais challenges the denial of his request for a unitary trial on all counts in the indictment. Whether a criminal forfeiture count and a substantive count should be bifurcated for trial is an issue of first impression in this Circuit. Other courts have either required, *see United States v. Sandini*, 816 F.2d 869, 874 (3d Cir.1987), or strongly favored, *United States v. Jenkins*, 904 F.2d 549, 559 (10th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 395, 112 L.Ed.2d 404 (1990); *United States v. Feldman*, 853 F.2d 648, 662 (9th Cir. 1988), *cert. denied*, 489 U.S. 1030, 109 S.Ct. 1164, 103 L.Ed.2d 222 (1989); *United States v. Cauble*, 706 F.2d 1322, 1348 (5th Cir.1983), *cert. denied*, 465 U.S. 1005, 104 S.Ct. 996, 79 L.Ed.2d 229 (1984), bifurcation in order to prevent jury confusion and safeguard the rights of the defendant, or have left bifurcation to the sound discretion of the district court, *United States v. Linn*,

---

1. Desmarais also asserts error in the court's refusal to give a requested instruction on the use of inferences. Since the instruction was "substantially covered in the charge actually delivered to the jury," *United States v. Gibson*, 726

F.2d 869, 874 (1st Cir.), *cert. denied*, 466 U.S. 960, 104 S.Ct. 2174, 80 L.Ed.2d 557 (1984) (quoting *United States v. Grissom*, 645 F.2d 461, 465 (5th Cir.1981)), there was no reversible error. *Id.*

880 F.2d 209, 217 (9th Cir.1989); *United States v. Perholtz*, 842 F.2d 343, 367 (D.C. Cir.), *cert. denied*, 488 U.S. 821, 109 S.Ct. 65, 102 L.Ed.2d 42 (1988). No court, to our knowledge, has determined that a criminal defendant is entitled to a unitary trial in these circumstances.[2]

Desmarais mistakenly contends that bifurcation prevented him from urging the jury to invoke its power of nullification. Even in a unitary trial, however, it would have been improper to urge the jury to nullify applicable law. "[J]urors may have the power to ignore the law, but their duty is to apply the law as interpreted by the court, and they should be so instructed." *United States v. Boardman*, 419 F.2d 110, 116 (1st Cir.1969), *cert. denied*, 397 U.S. 991, 90 S.Ct. 1124, 25 L.Ed.2d 398 (1970); *see also United States v. Garcia–Rosa*, 876 F.2d 209, 226 (1st Cir.1989), vacated on other grounds, —— U.S. ——, 111 S.Ct. 377, 112 L.Ed.2d 391 (1990), citing *United States v. Trujillo*, 714 F.2d 102, 105–106 (11th Cir.1983) (collecting cases) (stating that this position is "consistent with that of every other federal appellate court that has addressed this issue."). "In arguing the law to the jury, counsel is confined to principles that will later be incorporated and charged to the jury." *Trujillo*, 714 F.2d at 106 (citation omitted). *Accord United States v. Dougherty*, 473 F.2d 1113, 1130–1137 (D.C.Cir.1972); *United States v. Moylan*, 417 F.2d 1002, 1005–1009 (4th Cir. 1969), *cert. denied*, 397 U.S. 910, 90 S.Ct. 908, 25 L.Ed.2d 91 (1970). As the defense was not prejudiced, the bifurcation order did not constitute reversible error.

(i) Criminal Trial

*Admissibility of Evidence*

Postal Inspector Moores was allowed to testify that his attention became focused on Desmarais when he discovered that the first express mail package addressed to Desmarais bore a return address which "was either unknown or did not exist." Defense counsel objected to Moores' testimony as (i) "bad act" evidence, inadmissible under Fed.R.Evid. 404(b), and (ii) irrelevant, since there was no evidence as to the contents of the package, or, if relevant, inadmissible under Fed.R.Evid. 403 on the ground that any probative value was substantially outweighed by the risk of unfair prejudice. The court ruled that Moores' testimony was probative of defendant's "intent and motive" and that its probative value outweighed any potential prejudice to the defendant.[3] The court offered to instruct the jury that it was to draw no inference that the first express mail package contained contraband. Defense counsel declined a limiting instruction on the ground that it might highlight any prejudice to Desmarais.

■ The admissibility of "other acts" evidence under Evidence Rule 404(b) is analyzed under a two-part test. *United States v. Rodriguez–Cardona*, 924 F.2d 1148, 1150 (1st Cir.1991); *United States v. Oppon*, 863 F.2d 141, 146 (1st Cir.1988). First, the "other acts" evidence must be excluded if "it is relevant *only* because it shows bad character (*i.e.*, the proposed logical inference includes character as a *necessary* link)." *United States v. Ferrer–Cruz*, 899 F.2d 135, 137 (1st Cir.1990) (emphasis in original); *see also* Fed.R.Evid. 404(b). Second, the probative value of the "other acts" evidence must be weighed against any potential unfair prejudice to the defendant, *Rodriguez–Cardona*, 924 F.2d at 1150–1151; *Oppon*, 863 F.2d at 146;

**2.** Although Desmarais makes a conclusory statement that the language and intent of 21 U.S.C. § 853 evince a right to a unitary trial of a criminal indictment that contains a forfeiture count, he cites neither text, legislative history, nor judicial authority. "It is settled in this circuit that issues adverted to on appeal in a perfunctory manner, unaccompanied by some developed argumentation, are deemed to have been abandoned." *Ryan v. Royal Ins. Co.*, 916 F.2d 731, 734 (1st Cir.1990).

**3.** In weighing Moore's testimony pursuant to Fed.R.Evid. 403, the district court appears to have considered it probative of the origination and development of the criminal investigation, and of the defendant's motive and intent. Since we find that the testimony was admissible to show, *inter alia*, "intent," any other probative value it may have had need not be balanced against any risk of unfair prejudice to Desmarais.

*see also* Fed.R.Evid. 403; and "other acts" evidence is to be excluded *only* when the risk of unfair prejudice *substantially* outweighs its probative value, *Ferrer–Cruz,* 899 F.2d at 138. The latter determination is entrusted to the discretion of the trial court. *United States v. Hernandez–Bermudez,* 857 F.2d 50, 53 (1st Cir.1988). " 'Only rarely—and in extraordinarily compelling circumstances—will we, from the vista of a cold appellate record, reverse a district court's on-the-spot judgment concerning the relative weighing of probative value and unfair effect.' " *Pinkham v. Burgess,* 933 F.2d 1066, 1071 (1st Cir.1991) (quoting *Freeman v. Package Machinery Co.,* 865 F.2d 1331, 1340 (1st Cir.1988)).

█ The focus of the court's inquiry concerning the admissibility of Moores' testimony was whether the testimony tended to make the existence of a "plan," or the "absence of mistake or accident," in respect to defendant's receipt of the second package, more probable than it would have been without Moores' testimony. The testimony was plainly probative of Desmarais' "knowledge" and "intent;" for the receipt of the earlier express mail package, which bore a non-existent return address, tended to make it more probable that the receipt of the second package, which likewise bore a non-existent return address, was not due to "mistake or accident." *See* Fed.R.Evid. 401 & 404(b). The reasonableness of such an inference was not contingent upon evidence of the *contents* of the first package. Even assuming that the first express mail package contained no contraband, it would be reasonable to infer that Desmarais' receipt of the second (marijuana-laden) package was not due to "accident or mistake," but to the existence of a "plan." Regardless of the *contents* of the first package, there can be no serious question that the circumstantial similarities common to the two express mailings were highly probative of defendant's "knowledge" and "intent," two critical issues in the case.

Moreover, the probative value of Moores' testimony outweighed whatever unfair prejudice could have been caused by any impermissible jury inference that Desmarais was a person of "bad character." On the one hand, the probative value of the evidence was enhanced by reason of the fact that Desmarais' "knowledge," "intent," "plan," and the "absence of mistake or accident," were matters very much at issue, particularly regarding the communication charge. *See Rodriguez–Cardona,* 924 F.2d at 1152 ("probative value of the evidence is strengthened if the issue on which it is offered is specifically disputed"); *see also United States v. Rubio–Estrada,* 857 F.2d 845, 847 (1st Cir.1988) ("other acts" evidence admissible on controverted issues). On the other hand, the danger of any impermissible "bad character" inference was minimal. There was no testimony or other evidence that the first package contained contraband.[4] There was no invitation by the government to infer that the defendant was a person of bad character who acted "in conformity therewith," Fed. R.Evid. 404(b). There was no error in the admission of Moores' testimony.

**4.** During closing argument, however, the prosecutor did state that "[w]hen the postman comes up and hands you a package and you go through the whole process and the whole exchange, and there's a phony address on it, and there was a phony address on the last one, it doesn't take a wizard or a rocket scientist to figure out ... that *there's something else in these clandestine packages.*" (emphasis added). Considering that the court had offered to instruct the jury that it could not use Moores' testimony to infer that the first package contained contraband, and given defense counsel's decision to forego the instruction for the express reason that it might highlight the potential prejudice, there can be no doubt that the prosecutor would have done better scrupulously to eschew the emphasized language. Nonetheless, the principal message conveyed by the prosecutor's statement, viewed as a whole, was that the similarities in these mailings were indicative of a plan and contraindicative of accident or mistake. The quoted statement plainly did not invite the jury to infer that the defendant was a person of bad character based on the receipt of the first package. Finally, no objection was made, nor is it suggested that the statement amounted to prosecutorial misconduct. Any error was harmless, at most. *United States v. Moore,* 923 F.2d 910, 915 (1st Cir.1991) (absent timely objection, "plain error" review obtains); *United States v. Gomez–Pabon,* 911 F.2d 847, 858 (1st Cir.1990) (same).

*Sufficiency of the Evidence*

■ Desmarais assails the sufficiency of the evidence under each substantive count, contending in particular that there was insufficient evidence to establish beyond a reasonable doubt either (i) that he had the requisite "specific intent" to distribute marijuana, an essential element under each count, or (ii) that he had caused the package containing the marijuana to be mailed to him, an essential element in the offense of unlawful use of a communication facility. We review the denial of judgment of acquittal by assessing whether the evidence and all reasonable inferences therefrom, viewed in the light most favorable to the government, could persuade a reasonable jury of defendant's guilt beyond a reasonable doubt. *See, e.g., United States v. Cuevas–Esquivel,* 905 F.2d 510, 514 (1st Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 208, 112 L.Ed.2d 169 (1990); *United States v. Mack,* 892 F.2d 134, 137 (1st Cir.1989), *cert. denied,* —— U.S. ——, 111 S.Ct. 162, 112 L.Ed.2d 127 (1990).

Seldom can "specific intent" be established by direct evidence. Nevertheless, specific intent, like any other essential element, may be demonstrated "through the use of circumstantial evidence so long as the total evidence, including reasonable inferences, is sufficient to warrant a jury to conclude that the defendant is guilty beyond a reasonable doubt," *United States v. Campa,* 679 F.2d 1006, 1010 (1st Cir.1982).

■ The jury was presented with ample circumstantial evidence that Desmarais intended to distribute marijuana. While it is true that there are circumstances in which "possession alone may not be enough to prove the requisite state of mind necessary [to prove] intent to distribute," *United States v. Mateos–Sanchez,* 864 F.2d 232, 238 (1st Cir.1988), the evidence against Desmarais went far beyond mere possession of the seven pounds of marijuana and the nineteen grams of hashish which were found in the basement of the residence. A reasonable inference of specific intent to distribute was further supported by the evidence that the controlled substances had been re-packaged into small packets, *see, e.g., United States v. Dotson,* 871 F.2d 1318, 1323 (6th Cir.1989), *cert. denied,* ——

U.S. ——, 111 S.Ct. 94, 112 L.Ed.2d 66 (1990) ("a jury may reasonably infer intent to distribute drugs from the manner in which the drugs are packaged"), and by the presence of drug paraphernalia, including a triple beam scale, plastic baggies, and magazines with current marijuana prices, *see, e.g., United States v. Butler,* 763 F.2d 11, 15 (1st Cir.1985) (presence of drug paraphernalia, including scale and plastic baggies, supports inference of intent to distribute).

■ There was sufficient evidence to support the jury's finding, beyond a reasonable doubt, that Desmarais caused the marijuana package to be mailed to him. Desmarais was the addressee of the express mail package containing the marijuana. The package was addressed to the Desmarais residence and was received and accepted by Desmarais. The evidence at trial was that an earlier express package, with a similarly-false return address, had been mailed to Desmarais. Finally, the search of the Desmarais residence revealed that the marijuana had been removed and placed in storage in the basement, within twenty minutes after the marijuana package was delivered to Desmarais at the residence. The circumstantial evidence was sufficient to support reasonable inferences that the marijuana package was neither mistakenly sent to, nor accidentally retained by, Desmarais.

There was no error in the denial of the motion for judgment of acquittal.

### (ii) Forfeiture Trial

*Jury Instruction*

■ The defense contends that the district court erroneously refused to instruct the jury that the government, in order to sustain its criminal forfeiture claim, was required to establish a "substantial connection" between the Desmarais residence and the criminal offenses Desmarais committed. Instead, employing almost the literal language of the criminal forfeiture statute, the court instructed the jury that forfeiture would lie if the Desmarais "property was used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the offense[s]," *see* 21 U.S.C.

§ 853(a)(2).[5] We conclude that any error was harmless, beyond a reasonable doubt.

We have yet to define the degree of interrelatedness required to support a criminal forfeiture under 21 U.S.C. § 853(a)(2), nor has any other court done so to our knowledge. Under the civil forfeiture statute, *see* 21 U.S.C. § 881(a)(7), however, "[w]e have consistently required that there be a 'substantial connection' between the property forfeited and the drug activity." *United States v. Parcel of Land & Residence at 28 Emery St.*, 914 F.2d 1, 3–4 (1st Cir.1990) (21 U.S.C. § 881(a)(7)), *see also United States v. One Parcel of Real Property*, 900 F.2d 470, 474 (1st Cir.1990) (same). Although we need not resolve the matter at this time, the present contention cannot be considered meritless given that the identical language is used in the criminal and civil forfeiture statutes to describe the connection required to warrant forfeitures of real property, *compare* 21 U.S.C. § 853(a)(2), *with* 21 U.S.C. § 881(a)(7).

Even assuming that the district court's decision to adopt the literal language of the criminal forfeiture statute could have caused the jury to understand that some insubstantial connection between the alleged criminal conduct and the Desmarais residence would warrant forfeiture, we are convinced that any error was harmless beyond a reasonable doubt. *See United States v. Doherty*, 867 F.2d 47, 58 (1st Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243, 106 L.Ed.2d 590 (1989) (erroneous instruction on essential element of crime is constitutional error subject to harmless beyond a reasonable doubt test); *Pope v. Illinois*, 481 U.S. 497, 502–503, 107 S.Ct. 1918, 1921–1922, 95 L.Ed.2d 439 (1987) (same).

Desmarais was found guilty of the substantive criminal offenses charged in the indictment. All of the evidence introduced to establish Desmarais' criminal conduct was connected to the Desmarais residence: (i) the express mail package containing the marijuana was addressed to and received at the residence, and (ii) the controlled substances and related paraphernalia were discovered in the basement of the residence; *either* was sufficient to establish a "substantial connection" between the residence and the commission of the substantive offenses. *See, e.g., United States v. Real Property and Residence at 3097 S.W. 11th Ave.*, 921 F.2d 1551, 1556 (11th Cir.1991) (drugs delivered to defendant's property); *United States v. One Parcel of Real Property*, 900 F.2d 470, 474 (1st Cir.1990) (drugs stored on premises). In these circumstances, any error was harmless beyond a reasonable doubt.[6]

*Affirmed.*

---

**5.** 21 U.S.C. § 853(a)(2) provides for criminal forfeiture of:

> any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, [a] violation [of this chapter].

**6.** Finally, Desmarais asserts, in conclusory fashion and without argumentation or authority, that the ordered forfeiture of his residence, being "grossly disproportionate" to the crimes for which he was convicted, violates the eighth amendment prohibition against cruel and unusual punishment. *See Solem v. Helm*, 463 U.S. 277, 288, 103 S.Ct. 3001, 3008, 77 L.Ed.2d 637 (1983). Since Desmarais neither explicates nor substantiates this bald contention, we decline to address it. *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 1814, 108 L.Ed.2d 944 (1990).