UNITED STATES of America, Appellee,

v.

Elvis Leonidas RUIZ–BATISTA, Defendant, Appellant.

No. 91–1322.

United States Court of Appeals, First Circuit.

Heard Jan. 7, 1992.

Decided Feb. 7, 1992.

**352**

Wayne R. Foote, for defendant, appellant.

F. Mark Terison, Asst. U.S. Atty., with whom Richard S. Cohen, U.S. Atty., was on brief, for appellee.

Before TORRUELLA, Circuit Judge, ALDRICH, Senior Circuit Judge, and SELYA, Circuit Judge.

BAILEY ALDRICH, Senior Circuit Judge.

■ Defendant Ruiz–Batista appeals from his conviction for possession of a controlled substance—cocaine—with intent to distribute, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and from his sentence. The alleged trial errors were admissions of instances of possession on prior occasions. Throughout the trial there were problems relating to whether defendant was going to claim entrapment. The court, ultimately ruling that defendant had irrevocably committed himself thereto, finally admitted the most questionable of this evidence. While we understand the court's position, we are not clear that the ruling was correct, and

we prefer to deal with the government's other ground, that the evidence was admissible on the issue of intent, viz., defendant's knowledge of the cocaine's presence in the car.[1]

■ The car was registered in defendant's name, and on May 12, 1990 he was the driver and sole occupant on his way to Lewiston, Maine, where he had an apartment. The cocaine was in small plastic bags nestled between sheets of tissue in a tissue box by the rear window. We have held similar custody to warrant an inference of knowledge, *United States v. Sanchez*, 943 F.2d 110, 115 (1st Cir.1991) and cases cited, though it has been suggested that, standing alone, the inference may not be sufficient. *See United States v. Olivier–Becerril*, 861 F.2d 424, 426–27 (5th Cir. 1988). Particularly if the government might worry that the jury would not accept the inference, there was strengthening relevance in the testimony that on two occasions, just shortly before, defendant was in possession of cocaine, in Lewiston, with the same associates. *United States v. Rivera–Medina*, 845 F.2d 12, 16 (1st Cir.), *cert. denied*, 488 U.S. 862, 109 S.Ct. 160, 102 L.Ed.2d 131 (1988). Concededly this raised a question of whether the relevance was outweighed by the prejudice. Fed.R.Evid. 403. However, the overweighing must be substantial, *United States v. Desmarais*, 938 F.2d 347, 351 (1st Cir.1991), and we think it clearly was not.[2] *Cf. United States v. Lynn*, 856 F.2d 430, 437 (1st Cir.1988).

■ Our only real problem comes with the court's admitting evidence that defendant had been arrested for cocaine trafficking the preceding January. Standing alone

---

1. We strongly condemn the government's separate procedure of asking defendant, on cross-examination, whether he had possessed cocaine on other occasions and, after receiving a denial, seeking to show such occasions for the purpose of impeachment. *Walder v. United States*, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954); *United States v. Pantone*, 609 F.2d 675 (3d Cir.1979). *Cf. United States v. Barrett*, 766 F.2d 609, 619 (1st Cir.), *cert. denied*, 474 U.S. 923, 106 S.Ct. 258, 88 L.Ed.2d 264 (1985) (impeachment permissible if defendant volunteers an irrelevant fact on direct).

2. Defendant would argue that because of other evidence, there was no need of this prejudicial evidence, citing Rule 404(b) as well as Rule 403. *United States v. Gonzalez–Sanchez*, 825 F.2d 572, 582 n. 26 (1st Cir.), *cert. denied sub nom., Latorre v. United States*, 484 U.S. 989, 108 S.Ct. 510, 98 L.Ed.2d 508 (1987). This argument cuts two ways, as it opens the door to contending that, in light of the other evidence, the error was harmless. *United States v. Moccia*, 681 F.2d 61, 64 (1st Cir.1982).

the prejudice here might well be thought far greater than its perhaps slight relevance. *Cf. United States v. Flores Perez,* 849 F.2d 1, 6 (1st Cir.1988). And, in fact, the court admitted it on the basis that defendant was claiming entrapment, as to which it would, of course, be admissible. *United States v. Mazza,* 792 F.2d 1210, 1223 (1st Cir.1986), *cert. denied,* 479 U.S. 1086, 107 S.Ct. 1290, 94 L.Ed.2d 147 (1987). This ruling causes us to turn to the record as a whole. On one of the earlier May dates defendant was also driving, with cocaine in his car, seemingly from Boston to Lewiston, and a tape was introduced of defendant's discussing delivery with the informant. In addition, he originally admitted the present crime, though he later repudiated. On such a strong case we consider the January arrest harmless. *United States v. Rodriguez–Cardona,* 924 F.2d 1148 (1st Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 54, 116 L.Ed.2d 31 (1991).

### *The Sentence*

■ At defendant's sentencing hearing there was a question whether, after the court had determined the base level of the offense, in making an upward adjustment it erred in its interpretation of the Guidelines, U.S.S.G. Sec. 3B1.1(c).

§ 3B1.1 *Aggravating Role*

Based on the defendant's role in the offense, increase the offense level as follows:

. . . .

(c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

The court found (warrantably) from other conduct close, and similar, to the single offense charged, that defendant was engaged in subsection (c) conduct, and considered it to be part of "defendant's role in the offense," and so adjusted him upwards. Under the wording of the Introductory Commentary to Chapter 3 in effect at the date of sentencing this ruling was clearly correct.

This Part provides adjustments to the offense level based upon the role the defendant played in committing the offense. The determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of § 1B1.3 (Relevant Conduct), *i.e.,* all conduct included under § 1B1.3(a)(1)–(4), and not solely on the basis of elements and acts cited in the count of conviction.

Defendant points out, however, that the second sentence was added, by Amendment 345, after the date of his offense, and argues that the first sentence, standing alone, would have limited the court to the charged offense. On this basis he invokes 28 U.S.C. § 994(p), a provision recognizing the constitutional impropriety of ex post facto assessments.[3]

(p) The Commission ... may promulgate ... amendments to the guidelines.... Such an amendment ... shall be accompanied by a statement of the reasons therefor and shall take effect ... no earlier than 180 days after being so submitted.

To this the government replies by quoting the Commission's statement of the reasons expressed in the amendment—"This amendment clarifies the conduct that is relevant to the determination of Chapter Three, Part B."

To clarify means to make clear, to free from ambiguity, and we would agree with defendant that if there was no ambiguity, and the plain, original meaning was as he contends, the Commission could not change that meaning retroactively by using a magic word, clarification. We do not agree with the court in *United States v. Mir,* 919 F.2d 940, 945 (5th Cir.1990), that to employ the second sentence retroactively was "self-evident." At the same time, however, even were we to hesitate between cases such as *United States v. Tetzlaff,* 896 F.2d 1071 (7th Cir.1990), adopting defendant's prior-to-the-amendment interpretation, and the contrary holding in *United States v. Fells,* 920 F.2d 1179 (4th Cir.1990), *cert.*

---

**3.** *United States v. Harotunian,* 920 F.2d 1040 (1st Cir.1990).

*denied,* —— U.S. ——, 111 S.Ct. 2831, 115 L.Ed.2d 1000 (1991), the *Fells* court's thorough reasoning teaches us that, at the least, there was an ambiguity.

While a defendant's sentence is the ultimate pay-off, sentencing, with its wide variety of considerations, differs from the criminal statute itself, and we do not quarrel with the Guidelines' expressed intendment that they are not to be narrowly construed. *See* U.S.S.G. § 1B1.3, comment (n. 5) (cited in *Fells,* 920 F.2d at 1184, n. 7). On this basis we accept Amendment 345's added second sentence as merely legitimate assistance supporting the district court's broad interpretation, and we affirm its decision.