27 F.3d 554
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Louis S. SIMON, Defendant, Appellant.
 No. 93-2235
 United States Court of Appeals,
First Circuit.
 June 20, 1994
 
 Appeal from the United States District Court for the District of Rhode Island [Hon. Ernest C. Torres, U.S. District Judge ]
 Louis S. Simon on brief pro se.
 Edwin J. Gale, United States Attorney, and Margaret E. Curran, Assistant United States Attorney, on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before Boudin, Circuit Judge, Bownes, Senior Circuit Judge, Stahl, Circuit Judge.
 Per Curiam.
 
 
 1
 In this 28 U.S.C. Sec. 2255 petition, Louis Simon advances two challenges to the calculation of his sentence under the Sentencing Guidelines. Specifically, he alleges that a two-level enhancement under Sec. 2C1.1(b)(1) (for committing an offense involving "more than one bribe or extortion") and a three-level enhancement under Sec. 3B1.1(b) (for being a "manager or leader" of criminal activity that "involved five or more participants or was otherwise extensive") were each imposed in violation of the Ex Post Facto Clause. Assuming arguendo that petitioner is not precluded from raising these issues in light of his waiver of the right to appeal in his plea agreement, we find each contention without merit.
 
 
 2
 The latter argument is expressly foreclosed by this court's decision in United States v. Ruiz-Batista, 956 F.2d 351 (1st Cir.), cert. denied, 113 S. Ct. 105 (1992). We there held that, because the pre-1990 Introductory Commentary to Chapter 3, Part B could be deemed ambiguous, Amendment 345 served to clarify this passage and so could properly be applied to offenses occurring prior to November 1990. See, e.g., Isabel v. United States, 980 F.2d 60, 62 (1st Cir. 1992) ("clarifications" of Guidelines may be applied retroactively; "substantive changes" may not).
 
 
 3
 The former argument is likewise unavailing. Contrary to petitioner's premise, the district court was entitled under the 1989 Guidelines to consider "relevant conduct" under Sec. 1B1.3 for purposes of determining whether "more than one bribe or extortion" had occurred.[1] At all relevant times, Sec. 1B1.3(a) provided that, unless otherwise specified, specific offense characteristics (of which the two-level enhancement here is one) were to be determined on the basis of the following:
 
 
 4
 solely with respect to offenses of a character for which Sec. 3D1.2(d) would require grouping of multiple counts, all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction.
 
 
 5
 Sec. 1B1.3(a)(2). The district court determined that petitioner's other extortionate episodes satisfied these criteria; petitioner has not disputed this finding. As of 1989,[2] extortion (a Sec. 2C1.1 offense) was included in the list of offenses subject to grouping. And Application Note 2 to Sec. 1B1.3, as it existed in 1989, specifically stated that subsection (a)(2) "applies to offenses of types for which convictions on multiple counts would be grouped together pursuant to Sec. 3D1.2(d); multiple convictions are not required." (Emphasis added). The 1990 and 1991 amendments to Note 2, upon which petitioner apparently relies, served only to reinforce this interpretation. See U.S.S.G., App. C., Amends. 309 & 389. For these reasons, the district court's consideration of relevant conduct for purposes of applying the Sec. 2C1.1(b)(1) enhancement entailed no violation of the Ex Post Facto Clause.
 
 
 6
 Affirmed.
 
 
 
 [1]
 Although the words "or extortion" were added to Sec. 2C1.1(b)(1) only after petitioner's extortionate conduct had been committed, see U.S.S.G., App. C, Amend. 367 (1991), he has raised no argument that this provision is inapplicable. We therefore do not address the issue, other than to note that one court has applied Amendment 367 retroactively. See United States v. Loftus, 992 F.2d 793, 799 (8th Cir. 1993)
 
 
 [2]
 See U.S.S.G., App. C., Amend. 121 (1989)