BESOSA, District Judge.
*339 Before the Court is defendant Josué Mendoza-Maisonet ("Mendoza")'s post-trial motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 (" Rule 29"). (Docket No. 250.) For the reasons set forth below, the Rule 29 motion is DENIED .
I. Background
The Court summarizes the key facts in the light most favorable to the jury's verdict and in a manner consistent with the trial record. United States v. Valerio, 676 F.3d 237, 240 (1st Cir. 2012) ; United States v. Polanco, 634 F.3d 39, 40 (1st Cir. 2011).
On March 24, 2016, Puerto Rico Police Department ("PRPD") officers executed a search warrant at a residence in Manatí, Puerto Rico. The officers encountered Mendoza sleeping in a child's bedroom and escorted him to the living room. After securing Mendoza in the living room, the officers found Joshua Valle ("Valle"), the other defendant, Elizabeth Colon ("Colon"), and their young child sleeping in another bedroom.[1] The officers secured Valle, Colon, and the child in the living room and began the search.
During the search, the PRPD officers found various contraband items. In the room where Valle and Colon had been sleeping with their child, the officers found two baggies containing marijuana on top of a dresser and a shoebox containing drug paraphernalia, including empty baggies and blades, inside a closet. In the child's bedroom where Mendoza had been sleeping, the officers found a pill jar containing Percocet on top of a dresser; three marijuana baggies and $266 in Mendoza's pants pocket; and a Kel-Tec assault rifle loaded with 44 rounds of .223 caliber ammunition, 40 capsules of cocaine base, drug paraphernalia, and a toothbrush in a backpack inside the child's closet, which also contained toys and diapers, among other child items. In the kitchen, the officers found a black Smith & Wesson pistol loaded with 15 rounds of .40 caliber ammunition, a box containing rounds of ammunition, and a plastic bag of 60 decks of heroin and $129 lying in plain view on top of the cabinets. Finally, in a blue Suzuki Vitara parked by the residence, the officers found over 1,000 empty capsules that were identical in appearance to the capsules of cocaine-base found in the backpack.
The officers arrested Mendoza and brought him to the police station. At the station, Mendoza waived his constitutional rights and admitted ownership of the marijuana and money found in his pants pocket to Homeland Security Investigations ("HSI") Special Agent Erick Del Valle. Mendoza also told PRPD Agent Steven Perez ("Agent Perez") that "all the property that had been seized in the search belonged to him and to Joshua." (Docket No. 247 at p. 40.) Later, Mendoza memorialized his confession in writing:
The bags that were seized in the pants and the money are mine. The ones seized in the house are Joshua's and mine. Elizabeth has nothing to do with this or anything that was seized inside the house like the drugs, the weapons, etcetera.
(Trial Ex. 67.)
At trial, the government presented Drug Enforcement Administration ("DEA") Task Force Agent Eddie Vidal ("Agent Vidal") as an expert in the field of drug trafficking and in the street value of controlled *340 substances. In his expert opinion, Agent Vidal asserted that possession of 40 capsules of heroin and 60 decks of cocaine base was inconsistent with personal use. He testified that the street value of each individual unit of heroin and cocaine bases ranged from $6 to $10 and that the heroin and cocaine base admitted as trial exhibits were packaged in a manner consistent with retail distribution.
After the government rested, Mendoza testified. He conceded that a pair of shoes found near the empty capsules in the blue Suzuki Vitara belonged to him. He also confirmed that he had been unemployed for at least a year before the date of his arrest.
Following the trial, the jury found Mendoza guilty of: (1) possessing firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. section 924(c)(1)(A)(i) (" section 924"); (2) possessing heroin with intent to distribute in violation of 21 U.S.C. section 841(a)(1) (" section 841"); and possessing cocaine base with intent to distribute in violation of section 841. Mendoza moved for a judgment of acquittal pursuant to Rule 29 on September 14, 2017. (Docket No. 250.)[2] The government opposed Mendoza's Rule 29 motion. (Docket No. 253.)
II. Rule 29 Legal Standard
A court may set aside a jury's guilty verdict and enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. See Fed. R. Crim. P. 29. In reviewing a motion for judgment of acquittal, a court must consider the evidence "in the light most favorable to the prosecution" and determine whether the "body of proof, as a whole, has sufficient bite to ground a reasoned conclusion that the government proved each of the elements of the charged crime beyond a reasonable doubt." United States v. Lara, 181 F.3d 183, 200 (1st Cir. 1999) (citations omitted).
Rule 29 motions require a court to "take into account all evidence, both direct and circumstantial, and [to] resolve evidentiary conflicts and credibility disputes in favor of the jury's verdict." United States v. Valerio, 676 F.3d 237, 244 (1st Cir. 2012). The First Circuit Court of Appeals has called this sufficiency of evidence challenge "a tough sell," United States v. Polanco, 634 F.3d 39, 45 (1st Cir. 2011), observing that defendants seeking acquittal on this basis "face an uphill battle." United States v. Pérez-Meléndez, 599 F.3d 31, 40 (1st Cir. 2010) ; accord. United States v. Hatch, 434 F.3d 1, 4 (1st Cir. 2006) (referring to the sufficiency of evidence burden as a "daunting hurdle[ ]") (internal quotation marks omitted).
While the sufficiency of the evidence is at the heart of the Rule 29 inquiry, deference to the jury's verdict informs the Court's analysis. To uphold the jury's guilty verdict, the Court need only determine that the guilty verdict "finds support in a plausible rendition of the record." See, e.g., United States v. Shaw, 670 F.3d 360, 362 (1st Cir. 2012).
III. Discussion
To find Mendoza guilty of violating section 841, the jury must have found beyond *341 a reasonable doubt that Mendoza: (1) knowingly possessed (2) a controlled substance (3) with the intent to distribute it. See § 841(a)(1).[3] To find Mendoza guilty of possessing a firearm in furtherance of a drug trafficking crime, the jury must have found beyond a reasonable doubt that Mendoza: (1) knowingly possessed (2) one or both firearms described in the superseding indictment[4] (3) in furtherance of a drug trafficking crime. See § 924(c)(1).
Mendoza argues that the government failed to prove beyond a reasonable doubt that he violated sections 841 and 924. (Docket No. 250.) According to Mendoza, no rational juror could find that Mendoza knowingly possessed heroin and cocaine base with the intent to distribute or that he knowingly possessed one or both firearms in furtherance of a drug trafficking crime. Id. at pp. 8-13. Mendoza asserts that "there is no basis on which to hinge the inference that Mendoza [ ] had to have known of the presence of drugs or firearms within the household," nor is there "mention of specific drug trafficking activities in which the defendant engaged into and which would serve as the basis for a finding of 'intent to distribute,' or 'in furtherance of drug trafficking activities.' " Id. at pp. 11 & 13. Further, Mendoza argues that "[t]he amount of drugs, paraphernalia, or firearms within the household, was not so staggering or overwhelming so as to allow an inference that ... Mendoza [ ] had to be aware of the items, had to be in cahoots with Valle [ ], a participant of drug trafficking activities, and willing to possess the firearms in order to defend the possession of the drugs." Id. at p. 10. The Court disagrees.
After review of the trial record in this case, the Court concludes that the government presented sufficient evidence for a reasonable jury to find Mendoza guilty beyond a reasonable doubt of knowingly possessing heroin and cocaine base with intent to distribute, and knowingly possessing a firearm in furtherance of a drug trafficking crime.
A. Knowing Possession
The jury convicted Mendoza of three offenses, each of which involves the element of "knowing possession." See §§ 841(a)(1) & 924(c)(1). "Knowing possession" may be proven through either "actual or constructive possession." United States v. Ridolfi, 768 F.3d 57, 61 (1st Cir. 2014) (internal citation omitted). "Constructive possession of a firearm may be established when a person knowingly has the power and intention at a given time of exercising dominion and control over [it] either directly or through others." Id. at 61-62 (alteration in original) (internal citation omitted). Similarly, constructive possession of drugs "exists if the defendant knows the drugs are available and has the power and intent to exercise dominion and *342 control over them." United States v. May, 343 F.3d 1, 6 (1st Cir. 2003) (internal citation omitted).
The element of "knowledge" may be inferred from the circumstances. United States v. McLean, 409 F.3d 492, 501 (1st Cir. 2005). Indeed, proving "[c]ulpabale knowledge often depends on circumstantial evidence alone." Ridolfi, 768 F.3d at 62 (internal citation omitted). To prove "knowing possession" through circumstantial evidence, the record must contain evidence of "some action, some word, or some conduct that links the individual to the contraband and indicates that he had some stake in it, some power over it." McLean, 409 F.3d at 501 (internal quotation marks and citation omitted).
Mendoza contends that the government failed to establish "knowing possession" for all three counts, arguing that "[t]here is no evidence on this record that would allow an inference that [ ] Mendoza [ ] had knowledge, actual or inferable, of the presence of the drugs and firearms inside the closet or on top of the kitchen cabinet." (Docket No. 250 at p. 9.) Mendoza's argument is unavailing.
The government provided sufficient evidence for a jury to find reasonably that Mendoza knowingly possessed the heroin, cocaine base, and firearms. The government presented evidence that: (1) a Kel-Tec rifle, 40 capsules of cocaine base, and empty baggies were located in a backpack inside a closet in the child's bedroom; (2) Mendoza had been sleeping in the child's bedroom just before the PRPD officers found the backpack; (3) the backpack also contained a toothbrush; (4) the capsules of cocaine base inside the backpack were identical in appearance to over 1,000 empty capsules that were found in the blue Suzuki Vitara; (5) a pair of shoes belonging to Mendoza were found in the blue Suzuki Vitara near the capsules; (6) a Smith & Wesson pistol was found in plain view on top of the kitchen cabinets; (7) a bag of 60 decks of heroin and $129 was found next to the Smith & Wesson pistol; and (8) the Smith & Wesson pistol and bag of heroin and cash were readily accessible. The government also provided evidence that Mendoza told Agent Perez, "[A]ll the property that had been seized in the search belonged to him and Joshua," and that Mendoza memorialized his admission in writing. (Docket No. 247 at p. 40; Trial Ex. 67.)
The jury could have found beyond a reasonable doubt that the government's evidence provided "some action, some word, or some conduct" that exhibited Mendoza's "stake in" or "power over" the heroin, cocaine base, and one or both firearms. See McLean, 409 F.3d at 501. For instance, Mendoza's statements, coupled with the Smith & Wesson pistol and heroin decks that were readily accessible to any adult in the residence, were sufficient for the jury to have inferred plausibly that Mendoza exercised dominion and control over these items and that he had constructive possession of them. See Ridolfi, 768 F.3d at 62. The jury could have also concluded beyond a reasonable doubt that Mendoza exercised dominion and control over the backpack containing the Kel-Tec rifle, 40 capsules of cocaine base, empty baggies, and toothbrush, given the identical capsules found near Mendoza's shoes in the blue Suzuki Vitara, as well as Mendoza's verbal and written statements and his use of the child's bedroom.
B. Intent to Distribute
The jury's convictions pursuant to section 841 require a showing that Mendoza possessed the controlled substances "with intent to distribute." See § 841(a)(1) ; United States v. Bergodere, 40 F.3d 512, 518 (1st Cir. 1994) (internal citations omitted). Similar to the standard for possession, the "intent to distribute drugs does *343 not demand proof by direct evidence but can be made manifest through circumstantial evidence alone." Id. (internal citations omitted). When relying on circumstantial evidence, the government can demonstrate "factors such as the quantity and purity of the drugs confiscated by the authorities [to] support an inference of intent to distribute." Id. (internal citations omitted). See, e.g., United States v. Cortés-Cabán, 691 F.3d 1, 35-36 (1st Cir. 2012) (noting that a jury may infer intent to distribute from "the quantity of drugs in a defendant's possession," "the quantity of cash on a defendant," "the manner in which the drugs were packaged," "the presence of drug paraphernalia," "and the presence of firearms"); Bergodere, 40 F.3d at 518 (holding that the government's evidence "easily sustained a finding of intent to distribute" based on the "total value of the heroin seized-over $1,500" and the expert's opinion that "the quantity, packaging, and value of the heroin indicated that it was intended for distribution"); United States v. DesMarais, 938 F.2d 347, 352 (1st Cir. 1991) (finding that the presence of plastic baggies supports a reasonable inference of intent to distribute marijuana and hashish found on the same premises).
Mendoza argues that the government presented insufficient evidence to support Mendoza's "intent to distribute." (Docket No. 250 at p. 13.) Specifically, Mendoza asserts that "[t]he amount of drugs involved in this case [wa]s fairly minimal, and there was no indication that both stashes of drugs could not, or would not be possessed by one drug dealer." Id. at p. 9. Mendoza also states that "the cumulative value of the drugs found within the two ziplock bags did not exceed $600.00," although he concedes that "the amount of drugs found within the house was compatible with possession aimed at street level distribution." Id. at pp. 10-11. Finally, Mendoza maintains that the government provided "no mention of specific drug trafficking activities in which [Mendoza] engaged into and which would serve as the basis for a finding of 'intent to distribute.' " Id. at p. 13. The Court finds Mendoza's arguments unpersuasive.
The government provided sufficient evidence for a jury to find reasonably that Mendoza possessed the heroin and cocaine base with the intent to distribute. The government provided: (1) Agent Vidal's expert opinion that the possession of 60 decks of heroin and 40 capsules of cocaine base is inconsistent with personal use; (2) Agent Vidal's expert opinion that the seized heroin and cocaine base had been packaged in a manner consistent with retail distribution; (3) Agent Vidal's expert opinion that the total street value of the seized heroin and cocaine base was between $600 and $1,000; (4) evidence that Mendoza had $266 in his pocket on the date of his arrest, despite having been unemployed; and (5) evidence that Mendoza possessed tools of the drug trafficking trade, such as empty baggies and capsules, as well as firearms.
Based on these facts, the jury was entitled to find that Mendoza intended to distribute heroin and cocaine base. See Cortés-Cabán, 691 F.3d at 35-36 ; Bergodere, 40 F.3d at 518. This is true even if the government provided no evidence of actual distribution. See United States v. Celaya-Valenzuela, 849 F.3d 477, 485 (1st Cir. 2017) (" § 841 is triggered if the defendant intended that the controlled substances be distributed in the United States [or abroad], even if no actual distribution took place.") (internal citation omitted).
Moreover, Mendoza cannot prevail on his Rule 29 motion by interpreting isolated facts in a manner that undermines both the verdict and the government's theory of the case. On a Rule 29 motion, the Court examines whether "the evidence is insufficient to sustain a conviction," not whether *344 any one particular fact, standing alone, is sufficient to prove a defendant's guilt beyond a reasonable doubt. Fed. R. Crim. P. 29(a). The government need not "[e]liminate every possible theory consistent with the defendant's innocence." Pérez-Meléndez, 599 F.3d at 40 (citation omitted); see also United States v. Abreu, 952 F.2d 1458, 1468 (1st Cir. 1992) ("It is the province of the jury to decide to appropriate weight to give specific evidence."). That some evidence presented at trial may be subject to an interpretation inconsistent with a finding of guilt beyond a reasonable doubt is no reason for the Court to disturb the jury's verdict. See United States v. Bravo-Fernández, 264 F.Supp.3d 366, 372 (D.P.R. 2017 (Besosa, J.).
C. In Furtherance of Drug Trafficking Crimes
The final element of section 924 requires a jury to find beyond a reasonable doubt that Mendoza's possession of one or both firearms was "in furtherance of a drug trafficking crime." See § 924(c)(1). To determine whether a firearm is possessed "in furtherance of a drug trafficking crime," the Court considers "whether the firearm was loaded, whether the firearm was easily accessible, the proximity of the firearm to the drugs, and the surrounding circumstances." United States v. Robinson, 473 F.3d 387, 400 (1st Cir. 2007).
Each of these factors supports a conclusion that Mendoza possessed one or both of the firearms "in furtherance of a drug trafficking crime." See § 924(c)(1). In his motion, Mendoza identifies correctly that "[m]erely juxtaposing the possibility of possessing both the drugs and the firearms" would be insufficient to find Mendoza guilty pursuant to section 924. See Docket No. 250 at p. 13 (citing United States v. Pena, 586 F.3d 105, 113 (1st Cir. 2009) ). Here, however, the government presented evidence that: (1) a loaded Kel-Tec rifle was found inside a backpack with 40 capsules of cocaine base and other drug paraphernalia; and (2) a loaded Smith & Wesson pistol was found next to 60 decks of heroin and $120 as well as a box containing rounds of ammunition. The firearms were loaded and in close proximity to the heroin, cocaine base, drug paraphernalia, and money, and the Smith & Wesson pistol and the rifle were readily accessible. This evidence reveals more than "[t]he mere presence of a firearm in the area where the drug offense occurred." See Pena, 586 F.3d at 113.
Resolving "all evidentiary disputes and credibility questions in favor of the government" and "drawing all reasonable inferences in favor of the government's case," United States v. Cedeño-Mariano, 971 F.Supp.2d 225, 230 (D.P.R. 2013) (Besosa, J.), the Court concludes that there was ample evidence presented at trial to sustain the jury's verdict.[5] The jury could have reasonably inferred that Mendoza knowingly possessed heroin and cocaine base with intent to distribute. The jury could have also reasonably inferred that *345 Mendoza knowingly possessed one or both firearms in the furtherance of a drug trafficking crime. Consequently, the evidence presented at trial is sufficient for a jury to have found Mendoza guilty of sections 841 and 924.
IV. CONCLUSION
Based on the foregoing analysis, the Court DENIES the Rule 29 motion for judgment of acquittal. (Docket No. 250.)
IT IS SO ORDERED .

The child was between the ages of one and two years old at the time of the search.

A defendant may move for judgment of acquittal within fourteen days after a guilty verdict or after the discharge of the jury, whichever is later. Fed. R. Crim. P. 29(c)(1). In this case, the jury reached a verdict on August 25, 2017. (Docket No. 238.) The Court extended the time for all filings due between September 6, 2017 and September 8, 2017 because of the passage of Hurricane Irma, allowing Mendoza until September 14, 2017 to submit the Rule 29 motion. (Notice No. 17-09.) Mendoza moved for a judgment of acquittal on September 14, 2017. (Docket No. 250.) Accordingly, Mendoza's Rule 29 motion is timely.

Heroin and cocaine base are both controlled substances for the purposes of section 841. See Burrage v. United States, 571 U.S. 204, 134 S.Ct. 881, 886-87, 187 L.Ed.2d 715 (2014) (considering heroin a controlled substance pursuant to section 841 ); United States v. Robinson, 241 F.3d 115, 118 (1st Cir. 2001) ("§ 841(a)(1).... covers cocaine base.") (internal citation omitted). The testimony of DEA chemist Elizabeth Adkins confirmed that the substances seized by the government in this case were, in fact, heroin and cocaine base. (Docket No. 247 at pp. 101 & 103.)

To find Mendoza guilty of the possession element of the section 924 offense, the jury only needed to be convinced beyond a reasonable doubt that Mendoza possessed one of the two firearms alleged in the superseding indictment. (Docket No. 236 at p. 13.) The jury did not need to reach a unanimous decision as to which of the firearms Mendoza possessed, nor did they need to agree unanimously as to whether Mendoza possessed one or both firearms. Id.; see United States v. Hernández-Albino, 177 F.3d 33, 40 (1st Cir. 1999).

Mendoza attacks the sufficiency of the government's evidence by emphasizing evidentiary gaps that favor the defense. Throughout his Rule 29 motion, Mendoza indicates many factors about which "the Government presented no evidence whatsoever." (Docket No. 250 at p. 8.) For example, Mendoza argues that the government provided no evidence that he "entered the residence with the [contraband], or that [he] had concealed or hidden these items in the car, the house or any place." Id. at p. 9. Mendoza also argues that the government "did not provide any evidence regarding a joint enterprise between [Mendoza and Colon]." Id. at p. 11. In challenging the verdict, however, Mendoza overlooks the evidence supporting the jury's conclusion. While additional evidence could have served to supplement the government's case, the trial record contains sufficient evidence for a reasonable jury to find Mendoza guilty beyond a reasonable doubt for violating sections 841 and 924.